**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**JOHN K. SPEARS,**

> **Plaintiff,**

**v.**                                                    **Civil Action No. 1:18-CV-162**
                                                          **(JUDGE KLEEH)**

**CABLE NEWS NETWORK, CNN,**

> **Defendant.**

**REPORT AND RECOMMENDATION RECOMMENDING**
**DEFENDANT'S MOTION TO DISMISS BE GRANTED AND PLAINTIFF'S**
**COMPLAINT BE DISMISSED**

Pending before the Court are Defendant's Motion to Dismiss for Failure to State a Claim
(ECF No. 15) and Plaintiff's *pro se* Motion to Expedite Ruling on Motion to Dismiss (ECF No.
24). This matter is before the undersigned pursuant to a referral order entered by Honorable
Senior District Judge Irene M. Keeley on August 21, 2018. (ECF No. 5). This case was
reassigned to Honorable District Judge Thomas S. Kleeh on December 1, 2018 (ECF No. 23).
This matter is now ripe for a report and recommendation to the District Judge. For the reasons set
forth herein, the undersigned **RECOMMENDS** the Defendant's Motion to Dismiss (ECF No.
15) be **GRANTED**, Plaintiff's Motion to Expedite Ruling on Motion to Dismiss (ECF No. 24)
be **DENIED AS MOOT** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT**
**PREJUDICE.**

## I.       Procedural History

The Plaintiff, John K. Spears, proceeding *pro se*, filed his Complaint against Defendant,
Cable News Network, "CNN" on August 20, 2018. (ECF No. 1). Plaintiff filed a "Letter to

Defendant" (ECF No. 9) and a "Document to Defendant" (ECF No. 10) on September 20, 2018. On September 28, 2018, the Defendant filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 15) and a Memorandum in Support of the motion. (ECF No. 16). The Plaintiff filed a Response to Defendant's Motion to Dismiss on October 1, 2018 including several exhibits (ECF No. 17) as well as an Affidavit in Support of Plaintiff's Reply. (ECF No. 18). The Defendant filed a Reply to Plaintiff's Response to Motion to Dismiss on October 8, 2018. (ECF No. 21). Plaintiff filed a Motion to Expedite Ruling on Motion to Dismiss on January 3, 2019. (ECF No. 24).

## II.  Contentions of the Parties

### A. Plaintiff's Complaint

#### 1. Counts One through Eleven

Plaintiff's Complaint (ECF No. 1) purports to state eleven causes of action. Plaintiff's Complaint states Counts One through Eleven as follows: "Count 1 – Slander; Count 2 – False Light; Count 3 – Intrusion; Count 4 – Misappropriation/Right of Publicity; Count 5 – Appropriation of Name and Likeness; Count 6 – Publication of Private Facts; Count 7 – Intentional Infliction of Emotional Distress; Count 8 – Negligent Infliction of Emotional Distress; Count 9 – Conspiracy; Count 10 – Injurious Falsehoods; Count 11 – Interference with Contract/Prospective Economic Advantage. (Pl's Compl., ECF No.1, at 1-2).

Plaintiff does not allege separate facts specific to each count and cause of action set forth in his Complaint, but rather sets forth the facts broadly supporting his Complaint and causes of action in a "Summary of Claim" and the paragraphs and sections that follow. (Pl's Compl., ECF No. 1, at 2-6). Plaintiff states that he is an "individual and resident of Fairmont", W.V. Id. at 1. Plaintiff states that the "Defendant is a corporation and at the time of this complaint, a resident of

United States of America." Id. Plaintiff states that he is "accusing CNN for a negligence to handle information properly and causing severe damages, including but not limited to, emotional distress causing a severe and ongoing loss of opportunity." Id. Plaintiff claims that the information "collected and spread, through illegal methods of collection, has created news segments *idolizing* the plaintiff in many aspects and has been a continuous effort on a daily basis, for numerous years." Id. He goes on to state that the "acts are far from innocent and fringe upon the many rights of the plaintiff, including but not limited to, wiretapping and electronic surveillance." Id.

In his "Summary of Claim", Plaintiff begins by stating that his "privacy has been violated to one of the largest degrees. It has been violated through the means of phone tapping, internet activity monitoring, and watching (monitoring) his activities in public." (Pl's Compl, ECF No. 1, at 2). Plaintiff states that it "has been this monitoring which has been executed by the government, as well as other individuals. CNN has been a company who has participated." Id. Plaintiff claims that when he is "applying to a job on his computer, people notice – the people monitoring – and everyone talks about it, including CNN. Thus, hindering opportunity, defaming the plaintiff." Id. Plaintiff further states that "letting so many people be involved in the talk is a sure way to ruin someone's ability to secure a job . . . Dispersing the information to all the individuals involved in the manner, identified, is what exacerbates the situation." Id.

More specifically regarding Plaintiff's claim for a breach of his privacy, "one specific situation comes to mind: the situation of information associated to hospital visits being distributed to practically hundreds of people, through the methods of collection and recreation", thus, violating Plaintiff's rights under HIPPA. Id. Plaintiff claims that it is his "lack of ability to live in a certain level of solitude which creates many intrusions." (Pl's Compl., ECF No. 1, at 3).

Plaintiff states that "intrusion of solitude occurs where one person intrudes upon the private affairs of another" and "public disclosure of private facts arises where on person reveals information which is not of public concern, and the release of which would offend a reasonable person, which is what CNN has enacted." <u>Id</u>. Plaintiff further states that the disclosure of "private facts includes publishing or widespread dissemination of little-known, private facts that are non-newsworthy, not part of public records, public proceedings, not of public interest, and would be offensive to a reasonable person if made public." <u>Id</u>.

Plaintiff claims, as far as the undersigned can construe his Complaint, that the company of CNN has hired individuals who have committed "unethical and illegal behavior" against the Plaintiff which makes CNN "responsible" for the actions of its employees. <u>Id</u>. Plaintiff further states in his Complaint that the "governmental agencies monitoring the plaintiff's devices may claim they're doing what is considered legal, but we both know, just because you make a claim doesn't necessarily make it accurate in context." <u>Id</u>.

In a paragraph of Plaintiff's Complaint titled "How Damages or Injuries Occurred", Plaintiff states that "John Spears is very much a Public Image known to by many people. He is well known among the community and throughout many states. It is under unusual circumstances he has become well-known." (Pl's Compl., ECF No. 1, at 4). Plaintiff further states that much of "his image is represented through the products produced, which aren't all considered a form of defamation." <u>Id</u>. Plaintiff claims he has "become widely recognized by means of unusual circumstances" and "people will try to mitigate their responsibility and his worth, through the specific and dynamic situation considered unusual. <u>Id</u>. Plaintiff states that his "public image, where people have created and participated in obtrusive measures, such as, but not limited to, phone tapping, allows people to create products defaming his image." <u>Id</u>. Plaintiff

claims "these illegal measures violating his constitutional rights, have allowed for people to profit, "greatly, and at the plaintiff's expense." Id. Regarding the "products" created that have allegedly defamed his image, Plaintiff states that there are "many types of products created, including but not limited to, movies, television shows" and "publishing's" (sic). Id.

Concerning the facts put forth by the Plaintiff, in a section titled "Facts Underlying Claim", the Plaintiff states that there are "many substantiating facts underlying what is being accused, including but not limited to, the products produced, and the people informed on the matter, residing in the plaintiff's community and on a national level. Many news anchors who work at CNN are aware of and actively participate." Id. Plaintiff claims he has suffered injuries from Defendant that "began in 2010 and continue to the current day of August 2018." Id. Plaintiff further states in a section titled "Where Damages or Injuries Occurred" that his damages occurred at the following addresses: "10 Columbus Circle, New York, NY 10019; and 820 First St., Washington, DC 20002 USA." Id.

Plaintiff further states that his claims arise "from the actions by CNN and its employees, agents and representatives." (Pl's Compl., ECF No. 1, at 5). Plaintiff alleges that the unlawful "conduct complained of includes, but is not limited to unwanted and unreasonable publicity, malicious harassment, negligence, intrusion upon seclusion, and appropriation of name and likeness." Id. Plaintiff alleges that "CNN failed to properly implement and maintain policies and procedures related to appropriate forms and the usage of news media coverage." Id. Plaintiff states that his "potential state causes of action include, but are not limited to, claims under West Virginia's Constitution, section § 61-8-28 (Criminal Invasion of Privacy); W.Va. Code §801.56 (Unwarranted Invasion of Personal Priacy); and, West Virginia Code § 62-10-1, et seq (The West Virginia Wiretapping and Electronic Surveillance Act). Id.

Plaintiff states that the "company responsible for the injuries to John Spears includes, CNN" and the "employees who've enacted the behavior are employed by CNN." Id. However, Plaintiff further states that he "cannot list such individuals by name at this time, but, on information and belief, Cable News Network has knowledge of or may readily ascertain the names and positions of such individuals." Id.

Plaintiff claims that as "a direct and proximate result of the wrongful acts alleged . . . Mr. John Spears has suffered general and special damages according to State and Federal law." (Pl's Compl., ECF No. 1 at 6). Plaintiff claims that his injuries "are not limited to, loss of income, physical manifestations of emotional distress and extreme emotional distress." Id. Plaintiff states that the damages he alleges are calculated "by the extent CNN has utilized the plaintiff's personal data and their disregard to keeping private information, private." Id. Plaintiff further states that the "full extent of the plaintiff's damages are not completely known at this time" but that "John spears alleges damages exceeding $1,400,000.00, and that this is not a limited civil case." Id. Plaintiff alleges that the "effects of the company's egregious behavior are life-long" and he may "never fully regain his image and reputation." Id.

**B. Defendant's Motion to Dismiss**

The Defendant, Cable News Network, Inc. filed its Motion to Dismiss Plaintiff's Claims with Prejudice (ECF No. 15) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim upon which relief may be granted, respectively. (Def's Mot., ECF No. 15, at 1) (Def's Memo in Support, ECF No. 16, at 1). In support of Defendant's claim that Plaintiff's Complaint lacks personal jurisdiction under Fed. R. Civ. P. 12(b)(2), Defendant states that "CNN is not registered to do business in West Virginia and has no employees or place of business there." (Def's Memo in Support, ECF No. 16, at 1-2,

fn. 2). Defendant further states that Plaintiff "bears the burden of establishing personal jurisdiction" and "has not plead any facts that would support this Court's exercise of specific jurisdiction over CNN." Id.

In support of Defendant's claim that Plaintiff's Complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), Defendant states that Plaintiff's Complaint fails to allege facts sufficient to state a claim to relief that is plausible on its face, failing to meet the requirements articulated under Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) even with "the liberality afforded to pro se pleadings." Id. at 3. Defendant states that Plaintiff's Complaint does not contain "any plausible set of factual allegations." Id. Defendant further states that Plaintiff has made only "conclusory statements about CNN" that are "unsupported by any factual allegations about the actual collection and dispersal of his private information." Id. at 4.

**C. Plaintiff's Response**

Plaintiff claims in his Response and to Defendant's Motion to Dismiss and Memorandum in Support that he has "sufficiently explained the details in a well drafted document including the causes of action." (Pl's Response, ECF No. 17 at 1). Plaintiff claims he has made sufficient statements in his Complaint "describing the *fact* the company participated in the illegal wiretapping which are the methods used in influencing show segments." Id. Plaintiff further claims that he has "stated clearly the company has participated in wiretapping over the course of many years." Id. at 2. Plaintiff states there is "a piece of technology (expensive) which allows the person obtaining the technology to listen to anyone's calls in the U.S.A. or read their text messages. Simply by adding the phone number into the system. The availability and use of this technology add to the plausibility." Id. at 4.

In response to Defendant's argument that Plaintiff has failed to sufficiently plead personal jurisdiction Plaintiff states that all "states have jurisdiction over News Companies who broadcast their shows throughout all the states." Id. at 11. Plaintiff further states that he has sufficiently plead personal jurisdiction because "he has sufficiently filed a complaint in a court and it clearly states the reasoning for personal jurisdiction." Id. at 12. Plaintiff states that the "company consented to giving the State of West Virginia personal jurisdiction when they decided to operate a business that executes business in the State." Id.

As to those individuals specifically involved in Plaintiff's claims, Plaintiff states there are "many News Anchors who are actively involved in the collection and dissemination of the Plaintiff's private and personal data. These people include, but are not limited to, Chris Cuomo, Anderson Cooper, Don Lemon, Brian Stelter, and Erin Burnett." Id. at 14. Plaintiff states that "Cable News Network has cooperated with the Federal Bureau of Investigations (FBI; and, the Department of Justice (DOJ), in the collection and widespread dissemination of the Plaintiff's Data." Id. at 15. Plaintiff further claims that the obtained information "from the Plaintiff has been executed by Cable News Network in a facet to create 'Fake News'" and Plaintiff cites "Erin Burnett" and "Anderson Cooper" as examples of news anchors who have committed defamation against the Plaintiff. Id. at 15. As a result, Plaintiff requests the Court "take the next appropriate step in favor of the Pro Se Plaintiff" and should deny the Defendant's Motion to Dismiss. Id. at 16.

### D.  Defendant's Reply

In the Defendant's Reply to Plaintiff's Response, the Defendant reiterates the arguments that Plaintiff has failed to state a cognizable claim and has failed to sufficiently plead that this Court has personal jurisdiction over the Defendant, Cable News Network, Inc. (Def's Reply,

ECF No. 21, at 1-2).

### III.     Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002).

Detailed factual allegations are not required. Twombly, 550 U.S. at 555. However, the factual allegations must "be enough to raise a right to relief above the speculative level" (Id. at 555) – to be "plausible on its face," rather than merely "conceivable." Id. at 548. A "sheer possibility that a defendant has acted unlawfully" is not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct 1937, 1949, 173 L.Ed.2d 868 (2009). Rather, the plausibility standard is met when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As stated by the Southern District of West Virginia in Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D. W. Va. August 26, 2014), according to Iqbal and the interpretation given it by out appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 556 U.S. 662, 129 S.Ct. at 1949 (2009). We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 556 U.S. 662, 129 S.Ct. at 1951-52.

> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "across the line from conceivable to plausible." Id. at 1974 (quoting Twombly, 550 U.S. at 570).

Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D.W. Va. August 26, 2014) (quoting Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, courts must "liberally construe" complaints filed pro se. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009).

When deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the allegations set forth in the complaint. See Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839 (5th Cir. 2004); cf. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.

1984)(explaining that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); see also Agnew v. NCAA, 683 F.3d 328, 348 (7th Cir. 2012) (It is improper to amend a complaint via a response to a motion to dismiss). However, here, because the Plaintiff is an unskilled *pro se* litigant, the undersigned will construe the attachments to his Response and Memorandum in Support (ECF No. 17) as part of the Plaintiff's Memorandum of Law.

## IV.  <u>Analysis</u>

### A. Personal Jurisdiction

The undersigned has considered the arguments put forth by the Defendant regarding Plaintiff's failure to adequately plead personal jurisdiction. Because the Plaintiff is proceeding *pro se*, for purposes of this Report and Recommendation, the undersigned will assume arguendo that this Court does have personal jurisdiction to hear the claims Plaintiff has submitted against the Defendant, Cable News Network, Inc. In doing so, the undersigned finds the Plaintiff's Complaint has fallen short of the pleading requirements of <u>Twombly</u> and <u>Iqbal</u> as well as the less stringent standards afforded to *pro se* Plaintiffs and has not plead facts sufficient to any of the elements of the claims pursued by the Plaintiff.

### B. The undersigned recommends Plaintiff's Complaint be Dismissed because it fails to plead facts sufficient to state a claim for any element of the eleven causes of action alleged and therefore, fails under *Twombly* and *Iqbal* as well as the less stringent standards afforded to *pro se* litigants.

#### 1. Count One. Slander

Under West Virginia law, slander is simply defamation through oral means. <u>Ballock v. Costlow</u>, No. 1:17-CV-52, 2017 U.S. Dist. LEXIS 219227, at *53 (N.D.W. Va. December 6, 2017) (citing <u>Butts v. Royal Vendors, Inc.,</u> 202 W. Va. 448, 453 (1998)). "The essential elements

for a successful defamation action . . . are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." Syl. Pt. 1, <u>Crump v. Beckley Newspapers, Inc.,</u> 173 W. Va. 699 (1984). The question of whether a challenged statement is capable of defamatory meaning is a question of law. Syl. Pt. 7, <u>Belcher v. Wal-Mart Stores, Inc.,</u> 211 W. Va. 712 (2002). Identifying, "direct defamatory statements" is not necessary, since "defamation may also be accomplished through inference, implication, innuendo or insinuation." <u>Crump,</u> 173 W. Va. at 706.

Here, the Plaintiff has not alleged any defamatory statement nor any news segment or publication of Defendant Cable News Network, Inc. that would provide the undersigned with any inference of a statement that is capable of defamatory meaning. Plaintiff states that his "public image, where people have created and participated in obtrusive measures, such as, but not limited to, phone tapping, allows people to create products defaming his image." (Pl's Compl., ECF No. 1, at 4).

Merely alleging that he has been wiretapped and his activities and data are being monitored by the Government and Defendant, Cable News Network, Inc. which has led to alleged "products produced" disclosing private facts about the Plaintiff is not sufficient to state a claim for defamation. These allegations constitute only conclusions and "bare assertions devoid of further enhancement" that fail to meet the standard for well-pled facts as required by <u>Twombly</u> and <u>Iqbal</u>. These allegations further fail to meet even the less stringent standards afforded to *pro se* litigants as articulated by the Court under <u>Erickson v. Pardus,</u> 551 U.S. 89, 127 S.Ct. 2197 (2007). Furthermore, the Plaintiff has failed to allege any facts on the face of his Complaint concerning any of the elements required to sustain a claim for defamation. Therefore,

the undersigned recommends that Count One of Plaintiff's Complaint be dismissed.

### 2.   Count Two. False Light

The elements of a false light invasion of privacy claim consist of the following: (1) the false (2) publication (3) of private facts (4) portraying the plaintiff in a false light (5) which would be highly offensive to a reasonable person. Curran v. Amazon.com, Inc., No. 2:07-0354, 2008 U.S. Dist. LEXIS 12479, at *22 (S.D.W. Va. February 19, 2008) citing Benson v. AJR, Inc., 215 W. Va. 324 (2004); Crump, 173 W. Va. at 716; Davis v. Monsanto Co., 627 F. Supp. 418, 421 (S.D.W. Va. 1986) (Restatement (Second) of Torts § 652D (1977)).

Here, the Plaintiff has failed to allege any facts which would indicate what Defendant, Cable News Network, Inc. has published or broadcasted that has put forth any private facts about the Plaintiff and has portrayed him in a false light. Again, Plaintiff merely alleges in a conclusory manner that Defendant CNN has "produced products" by monitoring and collecting his private information through wiretapping and public monitoring of his activities. Plaintiff has failed to allege any facts concerning what these products are and what private facts of his life Defendant has published. Therefore, the undersigned recommends that Count Two of Plaintiff's Complaint be dismissed.

### 3.   Count Three. Intrusion

The Plaintiff states Count Three as being a claim for "intrusion." The undersigned will construe Count Three of Plaintiff's Complaint as a claim for "intrusion upon seclusion." As stated by the United States District Court for the Southern District of West Virginia in Curran v. Amazon.com, Inc., "[a]lthough there are no reported West Virginia cases that consider the elements required for an intrusion upon seclusion claim in West Virginia, courts have routinely adopted the description of the tort of intrusion upon seclusion set forth in the Restatement

(Second) of Torts § 652B." <u>Curran</u>, No. 2:07-0354, 2008 U.S. Dist. LEXIS 12479, at *18 (citing

<u>Jennings v. Univ. of North Carolina, at Chapel Hill</u>, 444 F.3d 255, 281 (4th Cir. 2006) (applying

North Carolina law), *overruled on other grounds by* 482 F.3d 686 (4th Cir. 2007) (en banc);

<u>Ruzicka Elec. And Sons, Inc. v. International Broth. of Elec. Workers, Local 1, AFL-CIO,</u> 427

F.3d 511, 524 (8th Cir. 2005) (en banc) (applying Missouri law); <u>Kline v. Security Guards, Inc.,</u>

386 F.3d 246, 269 (3d Cir. 2004) (applying Pennsylvania law); <u>Dubbs v. Head Start, Inc.,</u> 336

F.3d 1194, 1220-21 (10th Cir. 2003) (applying Oklahoma law); <u>Medical Laboratory Mgmt.</u>

<u>Consultants v. American Broadcasting Companies, Inc.,</u> 306 F.3d 806, 812 (9th Cir. 2002)

(applying Arizona law). The Restatement (Second) of Torts § 652B defines the tort of

unreasonable intrusion as follows: "One who intentionally intrudes, physically or otherwise,

upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability

to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable

person."

Here, Plaintiff states in his Complaint, that the unlawful "conduct complained of

includes, but is not limited to unwanted and unreasonable publicity, malicious harassment,

negligence, *intrusion upon seclusion*, and appropriation of name and likeness." (Pl's Compl.,

ECF No. 1, at 5) (emphasis added). Plaintiff further states that his "privacy has been violated to

one of the largest degrees. It has been violated through the means of phone tapping, internet

activity monitoring, and watching (monitoring) his activities in public." (Pl's Compl, ECF No. 1,

at 2).   Plaintiff states that it "has been this monitoring which has been executed by the

government, as well as other individuals. CNN has been a company who has participated." <u>Id.</u>

Plaintiff claims that the information "collected and spread, through illegal methods of collection,

has created news segments *idolizing* the plaintiff in many aspects and has been a continuous

effort on a daily basis, for numerous years." Id. at 1.

Again, Plaintiff has fallen short in setting forth sufficient facts to support his claim of intrusion upon seclusion. By alleging in nothing more than a conclusory manner that the Defendant, Cable News Network, Inc., has participated in monitoring and phone tapping against the Plaintiff without any facts to enhance the allegation, these statements are merely speculative and do not raise the Plaintiff's claims across "the line from conceivable to plausible" on the face of his Complaint. Even with taking Plaintiff's claims in the light most favorable to him, the undersigned finds that he has fallen short of the pleading requirements of Twombly and Iqbal. These allegations further fail to meet even the less stringent standards afforded to *pro se* litigants as articulated by the Court under Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007). Therefore, the undersigned recommends that Count Three of Plaintiff's Complaint be dismissed.

### 4. Count Four. Misappropriation/Right of Publicity and Count Five. Appropriation of Name and Likeness

As explained by the United States District Court for the Southern District of West Virginia in Curran v. Amazon.com, Inc., no statutory right of publicity exists in West Virginia. The Court further explained that the "only mention of the right of publicity by the Supreme Court of Appeals of West Virginia was in a footnote in which it cautioned that the right of publicity must not be confused with the right of privacy and then explained the elements of a right of publicity claim." Curran, No. 2:07-0354, 2008 U.S. Dist. LEXIS 12479, at *11 (citing Crump, 173 W. Va. at 714 n. 6). The footnote in Crump v. Beckley Newspapers stated that right of publicity claim is for "the unjust enrichment caused by an unauthorized exploitation of the good will and reputation that a *public figure* develops in his name or likeness through the investment of time, money and effort. Crump, 173 W. Va. at 714 n. 6. Provided the *dicta* in

<u>Crump</u> and the general acceptance of the doctrine, the undersigned concludes that a common-law right of publicity is cognizable in West Virginia. <u>Curran</u>, No. 2:07-0354, 2008 U.S. Dist. LEXIS 12479, at *12.

Here, the Plaintiff has stated "John Spears is very much a Public Image known to by many people. He is well known among the community and throughout many states. It is under unusual circumstances he has become well-known." (Pl's Compl., ECF No. 1, at 4). Plaintiff further states that much of "his image is represented through the products produced, which aren't all considered a form of defamation." <u>Id.</u> Plaintiff claims he has "become widely recognized by means of unusual circumstances" and "people will try to mitigate their responsibility and his worth, through the specific and dynamic situation considered unusual. <u>Id.</u> Plaintiff states that his "public image, where people have created and participated in obtrusive measures, such as, but not limited to, phone tapping, allows people to create products defaming his image."

While Plaintiff has made the conclusory statement that he is "very much a Public Image known to by many people" and that it is "under unusual circumstances he has become well-known" <u>Id.</u>, the Plaintiff has not sufficiently explained these circumstances under which he has purportedly become a well-known "Public Image" as he alleges. The Plaintiff's Complaint lacks any enhancing factual allegations to support the claim that he is a public figure as required to establish a legitimate claim for right of publicity. Furthermore, the Plaintiff's Complaint does not identify any specific product or news segment produced by CNN that has used or exploited his image, likeness or reputation for the unjust enrichment of the Defendant, Cable News Network, Inc., or any facts that would suggest how this would have happened. Therefore, the undersigned finds that Plaintiff has failed to meet the pleading requirements of <u>Twombly</u> and <u>Iqbal</u>. These allegations further fail to meet even the less stringent standards afforded to *pro se* litigants as

articulated by the Court under Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007). Therefore, the undersigned recommends that Count Four of Plaintiff's Complaint be dismissed.

Similarly, the Plaintiff states Count Five as a claim for "appropriation of name and likeness." (Pl's Compl., ECF No. 1, at 1). "Like the right of publicity, the right of privacy is a state-law claim." Curran, No. 2:07-0354, 2008 U.S. Dist. LEXIS 12479, at *15. In West Virginia, "the right of privacy protects one from (1) an unreasonable intrusion upon seclusion; (2) *an appropriation of another's name or likeness*; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." Curran, No. 2:07-0354, 2008 U.S. Dist. LEXIS 12479, at *15 (citing Syl. Pt. 3, Benson v. AJR, Inc., 215 W. Va. 324, 325 (2004) (quoting syl. pt. 8, Crump, 173 W. Va. 699) (emphasis added).

Here, as stated previously herein, the Plaintiff's Complaint fails to plead any facts indicating or identifying any news segment or product produced by the Defendant, Cable News Network, Inc., that has utilized the Plaintiff's name or likeness. Therefore, the undersigned finds that Plaintiff has failed to meet the pleading requirements of Twombly and Iqbal as well as the less stringent standards afforded to *pro se* litigants under Erickson v. Pardus. As a result, the undersigned recommends Count Five of Plaintiff's Complaint be dismissed.

### 5. Count Six. Publication of Private Facts

In order to state a claim for the public disclosure of private facts, a plaintiff would need to prove the following elements: (1) that there was a public disclosure by the Defendant of facts regarding the Plaintiff; (2) that the facts disclosed were private facts; (3) that the disclosure of such facts is highly offensive and objectionable to a reasonable person of reasonable sensibilities; and (4) that the public has no legitimate interest in the facts disclosed. Davis v. Monsanto Co., 627 F.Supp. 418 (S.D.W. Va. 1986) (citing Section 652D of the Restatement

(Second) of Torts).

Here, Plaintiff states that the disclosure of "private facts includes publishing or widespread dissemination of little-known, private facts that are non-newsworthy, not part of public records, public proceedings, not of public interest, and would be offensive to a reasonable person if made public." (Pl's Compl., ECF No. 1, at 3). As noted previously, Plaintiff claims that Defendant, CNN, Inc. has surveilled his daily life through various means of electronic monitoring and has used the information it collected to create certain "products" that have utilized the Plaintiff's likeness.

Here, Plaintiff has again failed to provide any facts in his Complaint or any allegation of detail that inform the Court what private facts of the Plaintiff's life have been exposed through any product produced by the Defendant. Nor has Plaintiff plead any facts concerning in what specific product or news segment produced by CNN has utilized any private facts of Plaintiff's life. Therefore, the undersigned finds that Plaintiff has failed to meet the pleading requirements of Twombly and Iqbal as well as the less stringent standards afforded to *pro se* litigants under Erickson v. Pardus. As a result, the undersigned recommends Count Six of Plaintiff's Complaint be dismissed.

### 6. Count Seven. Intentional Infliction of Emotional Distress and Count Eight. Negligent Infliction of Emotional Distress

Counts Seven and Eight of Plaintiff's Complaint raises claims for intentional infliction of emotional distress and negligent infliction of emotional distress. Both negligent and intentional infliction of emotional distress claims require that a plaintiff suffer "severe emotional distress" in order to be successful. Councell v. Homer Laughlin China Co., 823 F.Supp. 2d 370, 383 (N.D.W. Va. 2011) (citing Minshell v. health Care Retirement Corp. of Am., 208 W. Va. 4, 9

(2000) (setting forth elements of intentional infliction of emotional distress claim, the fourth element being that "the emotional distress was severe" (quoting <u>Harless v. First Nat'l Bank in Fairmont</u>, 169 W. Va. 673 (1982), and <u>Marlin v. Bill Rich Constr.,</u> 198 W. Va. 635, 652 (1996) ("A claim for emotional distress without an accompanying physical injury can only be successfully maintained upon a showing by the plaintiffs in such action of facts sufficient to guarantee that the claim is not spurious and upon a showing that the emotional distress is undoubtedly real and serious.")).

Here, Plaintiff claims that as "a direct and proximate result of the wrongful acts alleged . . . Mr. John Spears has suffered general and special damages according to State and Federal law." (Pl's Compl., ECF No. 1 at 6). Plaintiff claims that his injuries "are not limited to, loss of income, *physical manifestations of emotional distress and extreme emotional distress*." <u>Id.</u> (emphasis added). Plaintiff alleges that the "effects of the company's egregious behavior are life-long" and he may "never fully regain his image and reputation." <u>Id.</u> These allegations are merely conclusory and not sufficient to support a claim for emotional distress as these allegations are not supported by any factual averments. Merely stating in a conclusory manner that he has been wiretapped and monitored causing him to suffer an invasion of privacy is not enough to state a claim of intentional infliction of emotional distress or negligent infliction of emotional distress. Therefore, the undersigned finds that Plaintiff has failed to meet the pleading requirements of <u>Twombly</u> and <u>Iqbal</u> as well as the less stringent standards afforded to *pro se* litigants under <u>Erickson v. Pardus</u>. As a result, the undersigned recommends Counts Seven and Eight of Plaintiff's Complaint be dismissed.

### 7.   Count Nine. Conspiracy

West Virginia recognizes a civil conspiracy cause of action. <u>Dunn v. Rockwell</u>, 225 W.

Va. 43 (W. Va. 2009). "A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." Syl. Pt. 8, Id., at 259. "In order for a claim for conspiracy to be actionable, the plaintiff must prove that the defendants have actually committed some wrongful act." Roney v. Gencorp, 431 F.Supp.2d 622 (S.D.W. Va. 2006) (quoting Hays v. Bankers Trust Co. of California, 46 F.Supp.2d 490, 497 (S.D.W. Va. 1999). As a result, to establish a claim for a civil conspiracy, a Plaintiff must necessarily allege facts to support a claim for the underlying tort that forms the basis of the conspiracy.

Here, because the undersigned has recommended that Plaintiff's Complaint be dismissed, including all counts relating to any underlying tort that would form the basis of the conspiracy alleged, the undersigned finds there is no facts to support the existence of an underlying tort to form the basis of a conspiracy. Therefore, the undersigned finds that Plaintiff has failed to meet the pleading requirements of Twombly and Iqbal as well as the less stringent standards afforded to *pro se* litigants under Erickson v. Pardus. As a result, the undersigned recommends Count Nine of Plaintiff's Complaint be dismissed.

### 8. Count Ten. Injurious Falsehoods

The undersigned finds that Plaintiff's claim for injurious falsehoods is based on the same facts alleged throughout his Complaint for defamation, slander, intrusion upon seclusion, false light, and publication of private facts. A claim for injurious falsehood requires a Plaintiff to show the publication of a defamatory falsehood injurious to a private individual and requires the same elements as a claim for defamation or slander. Hupp v. Sasser, 200 W. Va. 791 (1997). Similarly, here, as noted previously, Plaintiff has not provided any facts to allege that the Defendant, Cable News Network, Inc. has made any publication of any statement concerning the Plaintiff or his

likeness whatsoever.  Plaintiff has not alleged any specific news broadcast or publication made by the Defendant that includes any information about the Plaintiff. Therefore, the undersigned finds that Plaintiff has failed to meet the pleading requirements of Twombly and Iqbal as well as the less stringent standards afforded to *pro se* litigants under Erickson v. Pardus. As a result, the undersigned recommends Counts Seven and Ten of Plaintiff's Complaint be dismissed.

### 9.   Count Eleven. Interference with Contract/Prospective Economic Advantage

To establish a prima facie case of tortious interference, a plaintiff must prove the following elements: "(1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Chhaparwal v. W. Va. Univ. Hosps., Inc., No. 1:07CV89, 2009 U.S. Dist. LEXIS 82469, at *11 (N.D.W. Va. September 9, 2009) (quoting Syl. Pt. 2, Torbett v. Wheeling Dollar Sav. & Tust Co., 173 W. Va. 210 (W. Va. 1983).

Here, Plaintiff has not alleged any facts that would establish the existence of any contractual or business relationship or expectancy nor has Plaintiff alleged facts in more than a conclusory manner to show that the Defendant, Cable News Network, Inc. has committed an intentional act, or any act for that matter, against him. Plaintiff has only stated in a conclusory fashion that he has been electronically monitored or surveilled by the Defendant and the Defendant has publicized his personal data without stating any particular news segment or production of the Defendant that has mentioned him. Therefore, the undersigned finds that Plaintiff has failed to meet the pleading requirements of Twombly and Iqbal as well as the less stringent standards afforded to *pro se* litigants under Erickson v. Pardus. As a result, the undersigned recommends Count Eleven of Plaintiff's Complaint be dismissed.

**10. To the extent Plaintiff mentions West Virginia's Constitution, section § 61-8-28 (Criminal Invasion of Privacy); W.Va. Code § 801.56 (Unwarranted Invasion of Personal Privacy); and, West Virginia Code § 62-10-1, et seq (The West Virginia Wiretapping and Electronic Surveillance Act), these claims should be dismissed.**

To the extent Plaintiff alleges statutory violations of the West Virginia Code, these claims should be dismissed for the reasons stated previously herein regarding Plaintiff's various claims for invasion of privacy based on electronic monitoring. To the extent Plaintiff claims Defendant is criminally liable for the invasion of his privacy, such claim is not properly brought in a civil action and should be dismissed.

## V.    Conclusion

Therefore, for the reasons stated herein, the undersigned **RECOMMENDS** the Defendant's Motion to Dismiss (ECF No. 15) be **GRANTED**, Plaintiff's Motion to Expedite Ruling on Motion to Dismiss (ECF No. 24) be **DENIED AS MOOT** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE.**

Any party within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. §636(b)(1). United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is **DIRECTED** to forward a copy of this Report and Recommendation to counsel of record and any party appearing *pro se* in compliance with the rules for electronic case filing in the Northern District of West Virginia.

DATED: January 30, 2019.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE