IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JOHN K. SPEARS,**

    **Plaintiff,**

**v.**                                                **Civ. Action No. 1:18-cv-162**
                                                                  **(Kleeh)**

**CABLE NEWS NETWORK, CNN,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26],
GRANTING MOTION TO DISMISS [ECF NO. 15], AND
DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

Pending before the Court is a Report and Recommendation ("R&R") by the Honorable Michael J. Aloi, United States Magistrate Judge. In the R&R, Judge Aloi recommends that the Court grant the Defendant's Motion to Dismiss, deny as moot the Plaintiff's Motion to Expedite Ruling, and dismiss the Plaintiff's Complaint. For the reasons discussed below, the Court adopts the R&R.

**I.    BACKGROUND**

The Plaintiff, John K. Spears ("Plaintiff"), brought this action on August 20, 2018, against the Defendant, Cable News Network, CNN ("Defendant"), alleging eleven (11) causes of action: (1) Slander; (2) False Light; (3) Intrusion; (4) Misappropriation/Right of Publicity; (5) Appropriation of Name and Likeness; (6) Publication of Private Facts; (7) Intentional

**SPEARS V. CNN** 1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26], GRANTING MOTION TO DISMISS [ECF NO. 15], AND DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

Infliction of Emotional Distress; (8) Negligent Infliction of Emotional Distress; (9) Conspiracy; (10) Injurious Falsehoods; and (11) Interference with Contract/Prospective Economic Advantage. ECF No. 1.

Plaintiff accuses Defendant of "creat[ing] a news segment *idolizing* the plaintiff" over a span of "numerous years." Id. at 1. He claims that his privacy rights have been violated via "phone tapping, internet activity monitoring, and watching (monitoring) his activities in public." Id. at 2. He believes that the government and "other individuals," including Defendant, have participated in the monitoring. Id. Plaintiff cites his "lack of ability to live in a certain level of solitude which creates many issues." Id. at 3. He writes that his "claim is centered on the fact that [Defendant] collected and disbursed private, sensitive information." Id. at 5. Plaintiff seeks general, special, and statutory damages, arguing that he has suffered "loss of income, physical manifestations of emotional distress and extreme emotional distress." Id. at 6. He alleges that he "may never fully regain his image and reputation" and seeks damages in excess of $1,400,000.00. Id.

**SPEARS V. CNN**  1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26], GRANTING MOTION TO DISMISS [ECF NO. 15], AND DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

## II. <u>PROCEDURAL HISTORY</u>

On August 21, 2018, the Honorable Irene M. Keeley, United States District Judge, referred this action to Judge Aloi. Defendant moved to dismiss the action on September 28, 2018. ECF No. 15. The motion has been fully briefed. On December 1, 2018, the case was transferred to the Honorable Thomas S. Kleeh, United States District Judge. Judge Aloi issued an R&R on January 30, 2019. ECF No. 25. Plaintiff then filed objections to the R&R, and Defendant filed a response to the objections.

## III. <u>STANDARD OF REVIEW</u>

When reviewing a magistrate judge's R&R, the Court must review <u>de novo</u> only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." <u>Dellarcirprete v. Gutierrez</u>, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

Here, the R&R stated that parties had 14 days to object after being served with the R&R. ECF No. 25 at 22. Plaintiff filed his

SPEARS V. CNN                                              1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26],
GRANTING MOTION TO DISMISS [ECF NO. 15], AND
DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

objections on February 13, 2019. ECF No. 26. In his objections, Plaintiff generally argues that his Complaint is, in fact, sufficiently pled, especially under the liberal construction afforded to pro se plaintiffs. Accordingly, the Court will conduct a de novo review of the entire R&R. Plaintiff's Complaint will be liberally construed because he is proceeding pro se. See Estelle v. Gamble, 429 U.S. 97 (1976).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

SPEARS V. CNN                                                1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26],
GRANTING MOTION TO DISMISS [ECF NO. 15], AND
DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "[T]he Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, 'so long as they are integral to the complaint and authentic.'" Richardson v. Williams, No. 3:14-CV-129, 2015 WL 3937004, at *3 (N.D.W. Va. June 26, 2015) (quoting Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007)), aff'd, 627 F. App'x 279 (4th Cir. 2016).

## IV.  DISCUSSION

Defendant's motion challenges the substance of each claim Plaintiff has asserted. The Court will examine in turn the sufficiency of each claim presented in Plaintiff's Complaint. Because the Court is proceeding pursuant to its diversity jurisdiction, it will apply West Virginia law to the substantive claims. See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 599 (4th Cir. 2004) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 79 (1938)).

**(1) Slander**

In West Virginia, slander is "defamation through oral means" and requires a showing of the following elements: "(1) defamatory

SPEARS V. CNN                                              1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26],
GRANTING MOTION TO DISMISS [ECF NO. 15], AND
DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." Butts v. Royal Vendors, Inc., 504 S.E.2d 911, 916 (W. Va. 1998); Syl. Pt. 1, Crump v. Beckley Newspapers, Inc., 320 S.E.2d 70 (W. Va. 1983). Defamation can also occur "through inference, implication, innuendo or insinuation." Crump, 320 S.E.2d at 706.

Here, Plaintiff has not pled any specific facts to indicate that Defendant made a defamatory statement about him. Plaintiff cites "information collected and spread" and alleges that his "image is represented through the products produced," but he fails to cite an actual statement that is allegedly defamatory. ECF No. 1 at 1, 4. Even under the liberal standard afforded to pro se plaintiffs, his pleadings do not rise above speculation. For those reasons, this claim must be dismissed.

**(2) False Light**

A claim of false light invasion of privacy requires a showing of the following elements:

> (1) that there was a public disclosure by the Defendant of facts regarding the Plaintiff; (2) that the facts disclosed were private facts; (3) that the disclosure of such facts is highly offensive and objectionable to a reasonable person of reasonable

SPEARS V. CNN                                          1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26], GRANTING MOTION TO DISMISS [ECF NO. 15], AND DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

>             sensibilities; and (4) that the public has no
>             legitimate interest in the facts disclosed.

Susko v. Cox Enters., Inc., No. 5:07CV144, 2008 WL 4279673, at *6 (N.D.W. Va. Sept. 16, 2008) (citing Benson v. AJR, Inc., 599 S.E.2d 747, 752 (W. Va. 2004)). Here, Plaintiff has not alleged any facts indicating that Defendant publicly disclosed private facts about him, much less that were "highly offensive" and that the public has no legitimate interest in them. Therefore, this claim must be dismissed.

   **(3)  Intrusion**

   This Court has held that "[a]n unreasonable intrusion upon another's seclusion occurs when '[o]ne . . . intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, . . . if the intrusion would be highly offensive to a reasonable person.'" Patrick v. PHH Mortg. Corp., 937 F. Supp. 2d 773, 791 (N.D.W. Va. 2013) (citing Harbolt v. Steel of W. Va., Inc., 640 F. Supp. 2d 803, 817 (S.D.W. Va. 2009)).

   Here, Plaintiff has not alleged, specifically, how Defendant has intruded upon his solitude or his private affairs or concerns. He writes that his "privacy has been violated to one of the largest degrees" through "phone tapping, internet activity monitoring, and

SPEARS V. CNN                                                    1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26], GRANTING MOTION TO DISMISS [ECF NO. 15], AND DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

watching (monitoring) his activities in public." ECF No. 1 at 2. He says that "CNN has been a company who has participated." He does not elaborate as to how CNN participated. Id. Plaintiff has not pled with particularity, and this claim must be dismissed.

### (4) Misappropriation/Right of Publicity

Because Count Five addresses appropriation, the Court will focus here on the right of publicity claim in Count Four. In Crump, the Supreme Court of Appeals of West Virginia explained that a right of publicity claim is for "the unjust enrichment caused by an unauthorized exploitation of the good will and reputation that a public figure develops in his name or likeness through the investment of time, money and effort." Crump, 320 S.E.2d at 85 n.6.

Here, Plaintiff generally alleges that "John Spears is very much a Public Image known by many people" and that "[h]e is well known among the community and throughout many states." ECF No. 1 at 4. He further states that "his image is represented through the products produced, which aren't all considered a form of defamation." Id. He claims that he has "become widely recognized" as well. Id. Plaintiff's conclusory statements about being a public image are insufficient to overcome a motion to dismiss. He has not provided any facts indicating how he became a public figure or why

SPEARS V. CNN                                                1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26], GRANTING MOTION TO DISMISS [ECF NO. 15], AND DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

he should be considered a public figure. As such, the claim must be dismissed.

**(5) Appropriation of Name and Likeness**

This cause of action developed in order "to prevent the emotional harm which results from the unauthorized use of an individual's name or likeness to promote a particular product or service." Audiology Distribution, LLC v. Hawkins, No. 5:13CV154, 2014 WL 460945, at *5 (N.D.W. Va. Feb. 5, 2014). The Supreme Court of Appeals of West Virginia has held that "[i]n order for a communication to constitute an appropriation, mere publication of a person's name or likeness is not enough, the defendant must take for his own use or benefit the reputation, prestige or commercial standing, public interest or other value associated with the name or likeness published." Syl. Pt. 11, Crump, 320 S.E.2d 70.

Here, Plaintiff has cited no factual information to support his claim of appropriation. He has not explained how Defendant used for its own benefit Plaintiff's reputation, prestige, commercial standing, public interest, or other value. As such, the claim must be dismissed.

**(6) Publication of Private Facts**

A claim of public disclosure of private facts requires the following:

SPEARS V. CNN                                               1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26],
GRANTING MOTION TO DISMISS [ECF NO. 15], AND
DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

> (1) that there was a public disclosure by the Defendant of facts regarding the Plaintiff; (2) that the facts disclosed were private facts; (3) that the disclosure of such facts is highly offensive and objectionable to a reasonable person of reasonable sensibilities; and (4) that the public has no legitimate interest in the facts disclosed.

Davis v. Monsanto Co., 627 F. Supp. 418, 421 (S.D.W. Va. 1986). Here, Plaintiff has, like his other claims, failed to adequately plead any set of facts that would entitle him to recover on this claim, including any facts where, even under the liberal 12(b)(6) standard, the Court can infer a reasonable person of reasonable sensibilities would find Defendant's alleged actions highly offensive or objectionable. Thus, the claim must be dismissed.

**(7)  Intentional Infliction of Emotional Distress**

The Supreme Court of Appeals of West Virginia has held the following:

> In order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant

SPEARS V. CNN                                                    1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26], GRANTING MOTION TO DISMISS [ECF NO. 15], AND DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

> caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Hatfield v. Health Mgmt. Assocs. of W. Va., 672 S.E.2d 395, 404 (W. Va. 2008) (citing Syl. Pt. 3, Travis v. Alcon Labs., Inc., 504 S.E.2d 419 (W. Va. 1998)). Here, Plaintiff has merely stated, in a conclusory manner, that he has suffered emotional distress and extreme emotional distress. He has not cited any specific facts indicating how or why he has suffered. These conclusory allegations are insufficient to overcome a motion to dismiss. This claim must be dismissed.

**(8) Negligent Infliction of Emotional Distress**

The Supreme Court of Appeals of West Virginia has held that the following elements constitute a claim for negligent infliction of emotional distress:

> (1) "that a close marital or familial relationship exist[s] between the plaintiff and the victim"; (2) "that a plaintiff . . . is present at the scene of the injury-producing event at the time it occurs and is aware that it is causing injury to the victim"; (3) "that the emotional trauma alleged by a plaintiff must be the direct result of either the critical injury to or death of a person closely related to the plaintiff"; and (4) that the emotional distress experienced was serious and

SPEARS V. CNN                                                  1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26], GRANTING MOTION TO DISMISS [ECF NO. 15], AND DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

> "reasonably could have been expected to befall the ordinarily reasonable person."

Baldwin v. Wells Fargo Fin. Nat'l Bank, No. 3:16-4841, 2017 WL 63026, at *4 (S.D.W. Va. Jan. 5, 2017) (citing Heldreth v. Marrs, 425 S.E.2d 157, 163–68 (W. Va. 1992)). Here, Plaintiff has not alleged facts indicating that a familial or even close relationship exists between Plaintiff and Defendant. Thus, Plaintiff has not met his burden in pleading this claim, and it must be dismissed.

**(9) Conspiracy**

Under West Virginia law, "[a] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." Syl. Pt. 8, Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009). "In order for a claim for conspiracy to be actionable, the plaintiff must prove that the defendants have actually committed some wrongful act." Roney v. Gencorp, 431 F. Supp. 2d 622, 637 (S.D.W. Va. 2006). "A civil conspiracy is not a *per se*, stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." Syl. Pt. 9, Dunn, 689 S.E.2d 255. Here, because

SPEARS V. CNN                                          1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26], GRANTING MOTION TO DISMISS [ECF NO. 15], AND DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

the Court will dismiss the remaining claims, there is no underlying tort to support the civil conspiracy claim. Accordingly, this claim fails as a matter of law.

### (10) Injurious Falsehoods

The Court agrees with Judge Aloi that this claim is based out of the same set of facts alleged for defamation, slander, intrusion upon seclusion, false light, and publication of private facts. This claim is insufficiently pled just as those claims are. Plaintiff has alleged no specific facts to indicate liability for any of the above. This claim must be dismissed as well.

### (11) Interference with Contract/Prospective Economic Advantage

The Supreme Court of Appeals of West Virginia has held that "[t]o establish prima facie proof of tortious interference, a plaintiff must show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Syl. Pt. 2, Torbett v. Wheeling Dollar Sav. & Trust Co., 314 S.E.2d 166 (W. Va. 1983). Here, Plaintiff has not cited any facts indicating that he has a contractual or business relationship or expectancy.

SPEARS V. CNN                                                    1:18-CV-162

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 26],
GRANTING MOTION TO DISMISS [ECF NO. 15], AND
DENYING AS MOOT MOTION TO EXPEDITE RULING [ECF NO. 24]**

He has not satisfied his pleading requirements, and the claim must be dismissed.

## V. CONCLUSION

For the reasons discussed above, the Court **ORDERS** the following:

- The R&R is **ADOPTED** [ECF No. 25];

- Plaintiff's objections are **OVERRULED** [ECF No. 26];

- Defendant's Motion to Dismiss is **GRANTED** [ECF No. 15];

- Plaintiff's Motion to Expedite Ruling is **DENIED AS MOOT** [ECF No. 24]; and

- The Complaint is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this memorandum opinion and order to counsel of record and the pro se Plaintiff, via certified mail, return receipt requested.

DATED: August 8, 2019

*Tom S Kleeh*

THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE